UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JAMES C. MAXIE                                                          PETITIONER

v.                                          CIVIL ACTION NO. 5:07-CV-P43-R

BECKY PANCAKE                                                           RESPONDENT

### MEMORANDUM OPINION

Petitioner, James C. Maxie, filed a petition for writ of habeas corpus in this Court (DN 1). His petition was submitted on the court-approved 16-page, printed form. However, pages 5 through 11 of that form were missing. After review of the file, the Court ordered Petitioner to provide the Court with a copy of the pages that were missing from his petition. Petitioner was warned that failure to comply with the Order would result in the Court proceeding to review the petition without consideration of the missing pages.

Petitioner responded to the Court's Order, stating that the reason why the missing pages had not been included was because those pages had no relevance to his habeas petition (DN 7). Therefore, the Court will review Petitioner's petition as it was submitted to the Court.

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part that the petition must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Petitioner's petition does none of these. The omitted pages contained the appropriate blank spaces in which a petitioner could identify the claims(s) he wished to bring and state his request for relief. Those pages were not included in the petition, and nowhere else does Petitioner identify what claim or claims he wishes to bring or the relief he seeks. Therefore, this Court is faced with reviewing a petition in which absolutely no claim is raised.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A claim that is not alleged in a habeas petition with sufficient specificity to permit an evaluation of its merits will be dismissed.  *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974).  Here, it is a complete lack of any claim that requires this petition to be dismissed.  Accordingly, by separate order, this Court will dismiss the petition in this case without prejudice.

### CERTIFICATE OF APPEALABILITY

Before this Court's decision may be appealed, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  In the present case, reasonable jurists would not find the denial of relief on petitioner's claims to be debatable or wrong.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
          1024 Capital Center Drive, Frankfort, KY 40601
4413.009